ABRAM MYERS AND HERMAN BROWN, PLAINTIFFS IN ERROR, *v.* THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANT IN ERROR.

*Indictment — transfer of case from Oyer and Terminer to Court of Sessions — jurisdiction of latter court.*

Where an indictment has been found in a court of Oyer and Terminer, an order may be made in that court sending the case to the Court of Sessions for trial, without giving any notice to the accused.

The Court of Sessions has, since the passage of chapter 212 of the Laws of 1865, jurisdiction to try and convict a person indicted for robbery in the first degree.

WRIT OF ERROR to the Court of General Sessions of the county of Monroe, to review a conviction for robbery in the first degree.

*Hovey & White,* for the plaintiffs in error.

*E. B. Fenner,* district attorney, for the defendant in error.

SMITH, J.:

The indictment was found in the Oyer and Terminer in Monroe, and by an order of that court was sent to the Court of Sessions for trial. At the trial, the counsel for the prisoners objected to their being tried in the Sessions, on the ground that the order sending the case to that court was irregular, it having been made without notice to the defendants. The objection was properly overruled. The order was not irregular, no notice to the accused being necessary. (*The People ex rel. Hasbrouck* v. *The General Sessions of the City of New York*, 3 Barb., 144.) Even if the order had been irregular, it could not have been questioned collaterally.

It was objected at the trial that the sessions had not jurisdiction of the offense charged in the indictment. That position also is untenable. Courts of General Sessions have jurisdiction to try all crimes and misdemeanors not punishable with death or imprisonment in State prison for life. (2 R. S., 208, § 5, sub. 2.) Formerly the offense of robbery in the first degree was punishable with imprisonment in a State prison for not less than ten years, and which might be for life, as there was no maximum limitation, and then courts of General Sessions had not jurisdiction to try it. But by chapter 212 of the Laws of 1865, all criminal offenses theretofore punished by imprisonment in the State prison for a term not less than ten years (except murder in the second degree, arson, and manslaughter), were made punishable by imprisonment in the State prison for not less than five nor more than twenty years. It is argued by the prisoner's counsel that merely changing the punishment does not confer jurisdiction, as no language is used in the act expressing that intent. The legislature acted in view of the general statute giving jurisdiction, and so far as the acts are *in pari materia*, they are to be read together.

The point is taken that the court erred in charging the jury in these words: "The amount of force used is not material, so that it is against the will of the person robbed." The objection urged is, that the instruction left out of view the element of putting the person robbed in bodily fear, which is essential to the offense charged. The criticism is hardly warranted. The judge had stated that, as an element of the charge, in the next preceding

sentence, so that the jury could not have been misled. No exception was taken to that part of the crime, and even if ·an error had occurred to the prejudice of the accused, it would not be available on writ of error without an exception.

Several exceptions were taken to the verbiage of the charge, but they are without merit.

The conviction should be affirmed.

Present—TALCOTT, P. J., SMITH and HARDIN, JJ.

Conviction affirmed.